HERBERT (UNITED STATES v.). See Case No. 15,354.

## Case No. 6,398.

### HERBERT v. WARD.

[1 Cranch, C. C. 30.] [1]

Circuit Court, District of Columbia. July Term, 1801.

DISTRESS FOR RENT—ATTACHMENT OF GOODS IN CUSTODY OF LAW.

Goods in the officer's hands under a distress for rent, are liable to attachment at the suit of the same landlord, for the rent not yet due; and may be condemned, although replevied by the tenant after the attachment levied.

At law.

Attachment to secure rents not due, by virtue of the act of assembly of Virginia of 29th of November, 1792. Rev. Code 1794, p. 162, § 8 (Ed. 1803, p. 154). On the 27th of March, the plaintiff distrained for more rent than was then due. On the 28th of March, the defendant replevied the goods. On the same day, the plaintiff issued an attachment to secure fifteen months' rent in advance and becoming due from and after the 1st of April. On the 1st of April, the plaintiff distrained for a quarter's rent due that day, and which had been included in the distress made on the 27th of March. On the 17th of April, the attachment for the fifteen months' rent was quashed. On the same day, the plaintiff took out another attachment for three months' rent in advance which was on the same day executed on the goods in the officer's hands under the distress. On the 25th of April, the defendant took out a new replevin for the goods distrained on the 1st of April, which were delivered to him, and he gave a receipt for them, but the marshal still retained them in his hands under the attachment of the 17th of April. The question was, whether the attachment was properly levied on the goods while they remained in the hands of the officer by virtue of the distress. It was contended that these goods were in custodiâ legis, and therefore could not be attached, and of this opinion was CRANCH, Circuit Judge.

But judgment was rendered by KILTY, Chief Judge, and MARSHALL, Circuit Judge, for all the goods attached, including those in the hands of the officer under the distress.

HERBERT (WHITTEMORE v.). See Case No. 17,602.

HERBERT MANTON, The. See Case No. 7,319.

[1] [Reported by Hon. William Cranch, Chief Judge.]