Wash, J.,
delivered the opinion of the Court.
This was an action of trover, brought by the defendant in error against the plaintiff in error, in which Potter obtained judgment; to reverse which this writ of error is *400 prosecuted. The facts, so far as they are deemed material to the decision of this cause, are found in a special verdict as follows: One Justus Terril, being the owner of the slave in the declaration mentioned, removed to Missouri, and settled in the county of St. Louis, in the year ISI8, bringing along with him the slave in question, together with several others. That said Terril made a visit, in 1820, to the Stale of Louisiana, and there executed, on the 15th of April of that year, a bill of sale to the defendant in error for the-slave in.qnestion, together with others. That the said Terril, immediately after executing, said bill-of sale, returned to his residence in the county of St. Louis, aforesaid, and there continued to- resido unt-1 about the 10th day of February, 1821, when he died, being then in possession of the said slave in the declaration mentioned, and of the others named.in the bill of sale ; and by his-will directed his executors-to sell and dispose of the slave in question, along with the-others named in the bill of sale. That the executors of Terril; in pursuance of his will, and in conformity with the law, advertised in one- of the newspapers of the city, and sold at public sale the slave in. question, who was purchased by Mrs. Mary Lisa, who sold to Beebe, who sold to the plaintiff in error. That the said bill of sale, from. Terril to Potter, was never registered or recorded, and that neither Mrs. Lisa, nor Beebe, nor the plaintiff in error, had any notice or knowledge, until after the sale- and delivery to the plaintiff in error, of the existence of the bill of sale aforesaid, to Potterwho, during the whole of said time, resided in the State of Louisiana-, and never had possession of the slave in question. Many other facts are found, which the- Court,, in. the-view. they take of the subject, need not now consider..
For the plaintiff in error, it is insisted, that the bill of sale is fraudulent and void as to him, who purchased for valuable consideration and without notice, and such is the opinion of this Court. Whether this case is reached by either of the statutes of the 13th and 27th Eliz. or falls within the provisions of our own statutes on the subject, (as tbe counsel have contended,) need not be settled, since it is the opinion of this Court, that upon the principles of the common law, and entirely independent of'eilher our own or the British-statutes, the judgment of the Circuit Court may be- well reversed.
As to personal property, possession-is not merely the evidence- of title, but will'of itself give title as to those who trust to such possession in dealing with or giving credit to the apparent owner;,, for that purpose, no precise term of'time is necessary.. In every case, much must depend upon the kind of property, the-relative position of the parties, and1 acts of ownership exercised! But the principle is one of reason and common sense, is universal and. applicable to. every species of property, real as well personal. Thus, though the title to real property rests in grants and indentures, to which persons.resort for information, yet possession alone- is sufficient to give perfect title.. In- the case of personal property, the- party in. possession gives to the world the best evidence of title, and it would be a strange-absurdity’, which the common law never commits, to postpone a title derived from, and: supported by the best possible- evidence of a continued, unexplained, uninterrupted, absolute possession, to-which all can look, and of which all may judge, to one known only to. parties, derived from an act which may or may not have been fraudulent, and’ of which they only can judge. Thus much as to-what should be tbe law, were this a, case of the first impression, and the principles of the common law now, for the first time, to be applied or expounded. But that has not been left for this Court to do. We have the highest .authority, to be found in, the-Courts of this country and. of Engjand, for. our *401 guide. In 1 Cranch, 309; 2 Hen. and Mun. 302; 9 John. R. 337, and Comp. 434, we find it laid down by some of the ablest Judges who have ever set upon the bench,that the statutes of the 13th mi Zlth Élis!¡ for the prevention of frauds, are to be considered as merely declaratory of the pre-existent principles of the common law. Numerous case's adjudged sirice those statutes,- leave no' room to question upon the statement of facts in'this caused but that the plaintiff in error Would be protected, were he creditor of Terri!,-instead of being the'purchaser of his property, and that too, whether he became a creditor before ol- after the bill of sale to" Potter. If Is contended, that decisions have been made) touching the rights of purchases upon the principle's of the common law, as declared by those statutes. But the absence of authority, if to be used as argument in the cause, is to'b'e taken- rather in their favor than against them. The purchasers themselves,-could have no interest in' raising the question, whilst they were permitted to remain-dn quiet possession of the property purchased, and the fact that few or no attempts,- either on the part of creditors or fraudulent Claimant's, have been made to disturb that possession, argues strongly in their favor.- And, upon the' principles of the common laW, it would se'em to this Court, that if any distinction should be made between creditors and1 purchasers, it should be in favor of the latter. The creditor at large, relies upon his knowledge of his debtor’s character, his general property, and apparent solvency, and, by the very credit he gives, assists him, in some sort, to give further credit and practice greater fraud; whereas the purchaser, trusting neither to'the title he may have to any spe-"' cific property, pays the value of it, takes the property into'his possession, and thereby strips the vendor, or fraudulent debtor, in some sort, of the means of Committing further fraud. The law goes upon the presumption, that the man who is seen in the uncontrolled possession of personal property, has acquired title legally, or else, for some fraudulent end, has been permitted to palm-himself upon the world as the legal owner, and it will visit upon him who- supplies the 'means of such deception, the loss of those means.
In the case before the Court, Terril was the original‘owner of the'slave, remained always in possession of- and exercised acts of ownership over her. Th'e claimant under the bill of sale, residing in a distant country, puts the bill of salein his pocket, gives no notice of its existence, and makes ntf claim of property. No human prudence could have guarded against the fraud, if fraud Was intended p and if none was intended^ the negligence, of Wind' confidence of the'defendant in error, is a sufficient reason, in law, why he'should sustain the loés,-rather than the plaintiff. A stronger case Could hardly be Conceived!
Let the judgment of the' CircuitCourt be, tfier’efofej reversed, and judgment'entófedtSp in this Court for the defendant on the special verdict.